## Motion to Sanctions, additional parties.

United States Courts
Southern District of Texas
FILED

FEB 13 2025

Nathan Ochsner, Clerk of Court

Tuesday, February 11, 2025    Chapter 7 #24-80062

Dear, Southern District Federal Bankruptcy Court, January 28, 2025

Chapter 7, case 24-80062 reopened. Creditor Vista Verde Mobile Home Park, 1301, Dickinson Rd, Alvin, Texas 77511 (832)621-6696

I, believe creditor is in violation of, Bankruptcy Law, and in contempt of moving forward with an, eviction, not petition Bankruptcy, to grant lift of motion. January 29, 2025. Judge Robin Rape, 1228 FM 1462, Alvin Texas 77511, eviction Court, was given notice of, Chapter 7, Bankruptcy, Judge Robin Rape continue eviction, and granted an illegal eviction, without, abiding, under Bankruptcy Court provisions, of appealing motion, with Court to get lift of automatic stay, Separate from, that, Creditor, Vista Verde committed perjury, and lying under oath, Stating false information, about myself, Danney Perkins debtor, Landlord Marie, was asked by; Judge Robin Rape, if I, had a rental lease, and she stated never, always been month to month. False, I, provide that Court with copy of rental lease, outing, 2 Security Deposits, was enough to cover past rent. 1, $698.  2. $415.  Security Deposit. In addition, Judge Robin rape, issued Judgement January 29, 2025, indeed 24 hours after Chapter 7, went into effect, 01/28/2025, which should of stop eviction, until further notice of my, Jude, Mr. Alfredo Perez. I'm, requesting to hold Vista Verde, liable for attorney fees, court costs, in addition, emotional distress damages, and moving relocation, and at Discussion of the Bankruptcy Court, will rule, on penalizing above, parties for violations.

I, filed a Complaint, with attorney general office, I, believe my civic rights, were violated, including landlord lied, under oath, Judge Robin rape took no legal actions, against Vista Verde, other than unlawfully awarding eviction Judgement, knowing that, neither party did not, get permission from lift, of Bankruptcy Court,.

Sincerely, Danney Perkins

CAUSE NO. BEV25-0014

ALVIN VISTA VERDE
31550 NORTHWESTERN HWY
SUITE 220
FARMINGTON HILLS, MI 48334
*PLAINTIFF*

VS

DANNEY LAMAR PERKINS AND ALLL OTHER OCCUPANTS
1003 MESQUITE ST
ALVIN, TX 77511
*DEFENDANT*

IN THE JUSTICE COURT
PRECINCT 1, PLACE 2
BRAZORIA COUNTY, TEXAS

### JUDGMENT FOR PLAINTIFF

On January 29, 2025, the above styled and numbered cause came on to be heard.

Plaintiff(s) appeared **X** in person, ___ by agent/representative and/or by___ counsel and announced ready for trial.

Defendant(s) appeared **X** in person, ___ by agent/representative, ___ by Occupant, ___ and/or by counsel and announced ready for trial.

___ Defendant(s), although duly and properly cited, failed to appear or answer and wholly made default.

Neither party demanded a jury. All matters in controversy, of fact and of law, were submitted to the Court sitting without a jury; and the pleadings, evidence and arguments having been heard by the Court, it is the opinion of the Court that the Plaintiff(s) is/are entitled to a judgment against the Defendant(s) as hereinafter set out;

**IT IS ACCORDINGLY, ORDERED, ADJUDGED AND DECREED** by the Court that the Plaintiff(s) be awarded possession of the premises described as: 1003 MESQUITE ST ALVIN, TX 77511, BRAZORIA COUNTY, TEXAS.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** Plaintiff(s) have and recover from Defendants(s), jointly and severally, back rent in the amount **of $933.06,** court costs in the amount of **$129.00,** attorney fees in the amount of $0.00, **for a total judgment of $1,062.06,** together with interest thereon at the rate of 8.50%, per annum from the date of judgment until paid, and that execution shall issue. All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary. All other relief not expressly granted herein is denied. If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property. Si usted es una persona física (y no una compañía), su dinero o propiedad pudieran estar protegidos de ser embargados como pago de esta deuda decretada en juicio en contra suya. Obtenga mayor información visitando el sitio www.texaslawhelp.org/exempt-property."

**IT IS FURTHER ORDERED** that if an Appeal Bond or Cash Deposit is timely filed, the same being within five days of this date, the amount of the Appeal Bond or Cash Deposit is set at **$2,124.12.**

**IT IS FURTHER ORDERED** that in the event of an Appeal of this cause, the amount of rent to be paid each rental period during the pendency of the appeal shall be **$500.00** per month, due and payable by Defendant(s) named herein. If a portion of the rent is payable by a government agency, amount of rent to be paid each rental period during the pendency of the appeal payable by the government agency shall be $ per month and the amount of rent to be paid each rental period during the pendency of the appeal payable by Defendant/Tenant shall be **$500.00** per month. All rent shall be paid pursuant to Section 24.0053, Texas Property Code, the terms of the rental agreement, and applicable laws and regulations.

Rendered and signed this date, January 29, 2025

_____
ROBIN RAPE, JUSTICE OF THE PEACE
PRECINCT 1, PLACE 2, BRAZORIA COUNTY, TEXAS

CITATION
THE STATE OF TEXAS

DELIVERED THIS _____ DAY OF _____, 20____
CONSTABLE,
PRECINCT 1
BRAZORIA COUNTY, TEXAS
BY _____

TO: Danney Lamar Perkins and all other occupants
1003 Mesquite St
Alvin TX 77511

IN THE HEREINAFTER NUMBERED **CAUSE NO. BEV25-0014** SAID SUIT WAS FILED ON JANUARY 13, 2025.

YOU ARE HEREBY COMMANDED TO APPEAR BEFORE ME, JUDGE ROBIN RAPE, A JUSTICE OF THE PEACE IN AND FOR PRECINCT 1, PLACE 2 IN BRAZORIA COUNTY, TEXAS, AT MY OFFICE AT **1228 FM 1462, ALVIN, TEXAS 77511, TELEPHONE: (281) 756-1740** ON **January 29, 2025 AT 11:00 AM** IN THIS CAUSE NUMBERED BEV25-0014 ON THE DOCKET OF SAID COURT TO ANSWER THE COMPLAINT OF:

PLAINTIFF: Alvin Vista Verde
VS
DEFENDANT: Danney Lamar Perkins and all other occupants

IN AN ACTION OF EVICTION SEEKING POSSESSION OF AND CONCERNING THE FOLLOWING DESCRIBED PROPERTY AND PREMISES, TO WIT:

**1003 MESQUITE ST
ALVIN, TX 77511**

PLAINTIFF ALSO SUES FOR $930.00 BACK RENT AND COURT COSTS AND FOR SUCH OTHER RELIEF AS HE MAY BE ENTITLED TO.

NAME & ADDRESS OF PLAINTIFF:    Alvin Vista Verde    31550 Northwestern HWY
Suite 220
Farmington Hills MI 48334

NAME & ADDRESS OF PLAINTIFF'S ATTORNEY:

FAILURE TO APPEAR FOR TRIAL MAY RESULT IN A DEFAULT JUDGMENT BEING ENTERED AGAINST YOU.

**SUIT TO EVICT**

THIS SUIT TO EVICT INVOLVES IMMEDIATE DEADLINES. A TENANT WHO IS SERVING ON ACTIVE MILITARY DUTY MAY HAVE SPECIAL RIGHTS OR RELIEF RELATED TO THIS SUIT UNDER FEDERAL LAW, INCLUDING THE SERVICEMEMBERS CIVIL RELIEF ACT (50 U.S.C. APP. SECTION 501 ET SEQ.), OR STATE LAW, INCLUDING SECTION 92.017, TEXAS PROPERTY CODE. CALL THE STATE BAR OF TEXAS TOLL-FREE AT 1-877-9TEXBAR IF YOU NEED HELP LOCATION AN ATTORNEY. IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, YOU MAY BE ELIGIBLE FOR FREE OR LOW-COST LEGAL ASSISTANCE.

**DEMANDA PARA DESALOJAR**

ESTA DEMANDA PARA DESALOJAR INVOLUCRA PLAZOS INMEDIATOS. UN INQUILINO QUE ESTÁ EN SERVICIO MILITAR ACTIVO PUEDE TENER DERECHOS ESPECIALES O ALIVIO RELACIONADO A ESTA DEMANDA BAJO LA LEY FEDERAL, INCLUYENDO LA LEY DE AYUDA CIVIL PARA MILITARES (50 U.S.C. APP. SECTION 501 ET SEQ.) O LA LEY ESTATAL, INCLUYENDO LA SECCIÓN 92.017 DEL CÓDIGO DE PROPIEDAD DE TEXAS. SI USTED NECESITA AYUDA PARA LOCALIZAR A UN ABOGADO, POR FAVOR LLAME A LA BARRA DEL ESTADO DE TEXAS AL NUMERO GRATIS 1-877-9TEXBAR. SI USTED NO PUEDE PAGAR PARA CONTRATAR A UN ABOGADO USTED PUDE SER ELEGIBIL PARA ASISTENCIA LEGAL GRATIS O A BAJO COSTO.

IF A JURY IS DESIRED, UPON TIMELY REQUEST AND PAYMENT OF A JURY FEE NO LATER THAN 3 DAYS BEFORE THE DAY SET FOR TRIAL, THE CASE WILL BE HEARD BY A JURY.

FOR FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION.

**RECEIVED**
January 13, 2025 3:18 PM
Constable 1
Brazoria County, TX, USA

GIVEN UNDER MY HAND THIS DATE OF ISSUANCE, January 13, 2025.

_____
ROBIN RAPE, JUSTICE OF THE PEACE   OR   CLERK OF COURT
PRECINCT 1, PLACE 2, BRAZORIA COUNTY, TEXAS

Alvin Vista Verde                         CAUSE NO. BEV 25-0014

_____ Plaintiff(s)

vs.

Danney Lamar Perkins
and all other occupants _____ Defendant(s)

Justice Court- Eviction
Justice of the Peace
Precinct 1, Place 2
Brazoria County, Texas

## PETITION

**1. COMPLAINT:** Now comes the Plaintiff, Alvin Vista Verde, and makes complaint against the Defendant for eviction from his land and premises and alleges the following: That by virtue of rental agreement by and between Plaintiff and Defendant, the Defendant entered into and upon and took possession of the following described premises situated in said Precinct ___, Brazoria County, Texas.

**2. ADDRESS OF PROPERTY:** 1003 Mesquite St. Alvin TX 77511

Check one: ☐ Apt  ☐ House  ☐ Mobile Home & Lot  ☒ Lot Rental Only

**3. RENT AMOUNT:** Rent in the amount of $465.00 is due on a 1st month basis. The Defendants rent (check one) ☐ is not subsidized by the government ☐ is subsidized by the government as follows: $_____ paid by the government, and $_____ paid by the Defendant(s).

**4. DEFENDANT(S) INFORMATION (if known):** Date of Birth: 09/26/1981 Phone Number: 346-528-6368
Last 3 Numbers of Driver's License: 960   Last 3 Numbers of Social Security: 225

**5. GROUNDS FOR EVICTION:** Plaintiff entered into an oral/written agreement with the Defendant for occupancy of the leased premises. The Defendant has violated the terms of the agreement by:
☐ Unpaid Rent. Defendant(s) failed to pay rent for the following time period(s): December 2024 / January 2025
☐ Other Lease Violations. Defendant(s) breached the terms of the lease (other than by failing to pay rent) as follows:
_____
☐ Holdover. Defendant(s) are unlawfully holding over by failing to vacate at the end of the rental term or renewal of extension period, which was the ____ day of _____, 20____.

**6. NOTICE TO VACATE:** Plaintiff delivered to Defendant(s) a notice to vacate in accordance with the applicable notice requirements of the Texas Property Code. Notice to vacate was delivered on the 03 day of January, 20 25 by the following method: (check one or more as applicable) ☐ personal delivery to Defendant(s), ☐ personal delivery to any person residing at the premises who is 16 years of age or older, ☐ affixing the notice to the inside of the main entry door of the premises, ☐ regular mail, ☐ registered mail or ☐ certified mailed return receipt requested, to the premises; or other method of delivery authorized under Section 24.005, Texas Property Code.

**7. SUIT FOR RENT:** In addition to possession of the premises, Plaintiff (check one) ☐ does ☐ does not seek a judgment for rent. The amount of rent claimed as due and unpaid at the time of filing is $930.00, plus rent in the amount of $_____ per day as may accrue between the date of filing this petition and surrender of premises. Plaintiff reserves the right to orally amend the amount at trial to include rent due from the date of filing through the date of trial.

**8. ATTORNEY FEES:** Plaintiff ☐ will be or ☐ will not be seeking applicable attorney's fees.

**9. SERVICE OF CITATION:** Service is requested on Defendant(s) by personal service at the address provided in Section 2 of this form. All other known home or work addresses in Brazoria County, where the Defendant(s) may be alternatively served ☐ are attached.
☐ No other home or work addresses of the Defendant are known by the Plaintiff.

**10. RELIEF:** The Plaintiff requests that Defendant(s) be cited to appear in this matter as required by law; Plaintiff further requests that the Defendant(s) be adjudged guilty of forcible detainer and Plaintiff recover possession of the premises. Plaintiff further requests to recover of Defendant(s) his damages and costs, and other such relief as Plaintiff may be entitled.

Signature: Natalie Towse                    Printed Name: Natalie Towse
Check one: ☐ Plaintiff  ☐ Plaintiff's Agent  ☐ Attorney  Bar Number: _____
Mailing Address: 21550 Northwestern Hwy, suite 220    City, State, Zip: Farmington Hill, MI 48334
Phone No. _____
☐ Plaintiff consents to e-mail service of the answer and any other motions or pleadings at NTowse @ mshapirorealstate.com
(E-mail Address)

Subscribed and sworn to before me this 03 day of January, 20 25.

_____
Notary Public/ Appointed Clerk of Court

Eviction Petition- 09.06.22

Community: Vista Verde MHC

Space No: 1003

Street Name: 1003 Mesquite Street

## MANUFACTURED HOME SPACES LEASE AGREEMENT

This Lease Agreement ("Agreement") is made and executed by and between **ALVIN VISTA VERDE LLC** ("Lessor") and **Danney Lamar Perkins** ("Lessee") on the **1st day of August, 2024.**

Lessor hereby leases to Lessee and Lessee hereby leases from Lessor certain manufactured home space numbered **1003** ("Premises") in the above-specified Community, located in the City of Alvin, County of Brazoria, State of Texas, a Street Address of 1301 Dickenson Road along with parking spaces on the Premises, all under and pursuant to the following terms and conditions.

1. **TERM:** The primary term of this Agreement shall commence on the **1st day of August, 2024** and shall end at 11:59 PM on the **31st day of January, 2025.** Upon expiration of the primary term, this Agreement shall automatically renew on a month-to-month basis unless either party gives written notice of termination at least sixty (60) days before the primary term ends, or such lesser notice period as may be required by law, or unless Lessor and Lessee sign another Lease. Except as otherwise required by law or this Agreement, any month-to-month tenancy shall be terminable by either party only upon sixty (60) days written notice to the other. Any Lessee occupying the Premises as a tenant from month to month is subject to all conditions, provisions and obligations of this Agreement insofar as the same are applicable to a month to month tenancy, including without limitation the continuing obligation to pay monthly rent; provided that the amount of monthly rent shall be Fifty Dollars and Zero Cents ($50.00) higher than current market rent at the time the primary term expires.

2. **RENT:** Lessee shall pay **FOUR HUNDRED SIXTY FIVE and NO/100 ($465.00)** per calendar month for rental, without deduction, for the Premises, payable monthly in advance on the first day of each calendar month. It may increase to the prevailing lot rental for the Premises no sooner than six (6) months from this date and will be adjusted thereafter as the prevailing rate is changed by Community management. The prorated rental from the date of move-in to the first day of the month following is **$465.00**. Lessee's right to possession of the Premises is expressly contingent upon the prompt and timely payment of rent and other charges due hereunder, and the use of the Premises by Lessee is obtained only on the condition that such sums are promptly and timely paid. Lessee shall pay promptly all sums other than monthly rent pursuant to the provisions of this Agreement within five (5) days following Lessor's delivery of a statement of account therefor. Monies received by Lessor from Lessee shall first be applied to discharge any past due amounts, including but not limited to, past due late charges, check charges, key charges and utility bills owed by Lessee. After such past due amounts have been paid, the remainder of any monies received by Lessor from Lessee shall be applied to past due rent, then to current rent. If the rent or other sums payable hereunder are not paid by the first day of the month, a late charge of **$25.00** will be assessed and be immediately due from Lessee to Lessor. A fee of **$30.00** will be assessed for all checks returned due to insufficient funds or for any other reason, such fee to be due upon demand by

Lessor. D.P

3. **METHOD OF PAYMENT:** Lessee shall make rental payments via one of the following methods:

Only payments made through Zego (Pay-Lease) will be accepted via "EPay" or "CashPay." The following contains a list of the three (3) acceptable forms of rental payment methods:

A) Pay your rent payment online with Epay. Full instructions provided separately.
B) Pay-Lease Location- Bring your Pay Lease Payment Card along with CASH, CHECK, DEBIT OR MONEY ORDER for your FULL Rent payment, to a Pay-Lease location at Wal-Mart, Marathon, Ace Cash Express, or any other participating Pay-Lease location. Present your Pay Lease card and full Rent payment to the Pay Lease location to make your monthly Lease payment. Park Manager will not accept any Lease payments.

C) Alternative payment method as prescribed by the Lessor.

4. **SECURITY DEPOSIT:** Lessee shall pay a security deposit of **$698.00** as set forth in the Security Deposit Agreement attached hereto and incorporated herein for all purposes, payable on or before the execution of this Agreement. At least 60 days written notice of intent to vacate must be given to Lessor prior to move out except as may otherwise be required in Chapter 94 of the Texas Property Code. D.P

5. **COMMUNITY RULES AND REGULATIONS:** All Community facilities are provided by Lessor for the use and enjoyment of Lessee and, in certain cases, Lessee's family, guests, or invitees. Lessee agrees to abide, and to ensure that Lessee's family, guests, or invitees abide by all Community Rules and Regulation ("Rules") and any amendments thereto. Lessee acknowledges receipt of a copy of such Rules as of the date hereof. The Rules and any amendments thereto are incorporated herein by reference and made a part hereof for all purposes. Lessee agrees that Lessor shall have the right to modify, amend, change or replace such Rules in Lessor's sole and exclusive discretion and at such time or times as Lessor may desire. Lessor agrees to give Lessee written notice at least thirty (30) days prior to any modification, change, amendment, or replacement. Any breach or violation of the Rules is expressly declared to be a breach of this Agreement, and grounds for immediate eviction. D.P

6. **MOVE-IN AND MOVE-OUT:** Lessee agrees to move-in and move-out under and during favorable weather conditions and at such time during the day as shall be agreed to by Lessor or set forth in the Rules. D.P

7. **INSTALLATION:** Lessee agrees that the manufactured home shall be installed (set-up and tied-down) in accordance with the Texas Manufactured Housing Standards Act and other applicable government statutes, ordinances, rules or regulations. Such shall be Lessee's responsibility and Lessor shall in no way be liable or responsible for any improper installation.

8. **ACCESSORIES, EQUIPMENT AND STRUCTURES:** Written approval of Lessor must be obtained before construction, installation or modification of any manufactured home accessory, equipment or other structure. (Note: Municipal building permits may be required for certain accessories or installations.) D.P

## SECURITY DEPOSIT AGREEMENT
(ATTACHED TO AND A PART OF THE LEASE AGREEMENT)

Lessee: Chelsea Lynch

Lot No.: 1003

Security Deposit: $415.00

This Security Deposit Agreement shall be a part of that certain Lease Agreement entered into contemporaneously herewith between the parties hereto. Lessor acknowledges receipt of the Security Deposit in the amount set forth above. This agreement and the law of the State of Texas shall govern all deductions from and refunds of such Security Deposit.

### CONDITIONS FOR REFUND:

1. Lessee shall give at least sixty (60) days written notice to Lessor prior to vacating the Premises or terminating the Lease Agreement except as may otherwise be provided in Chapter 94 of the Texas Property Code.

2. All rents must be paid in full through the end of the Lease term. Resident may not apply security deposit to rent.

3. All charges due under the Lease, including utility bills, late charges and insufficient check charges must be paid in full.

4. All residents who signed the Lease Agreement must have surrendered the Premises without eviction proceedings being filed.

5. Lessee must leave a written copy of his or her forwarding address with Lessor.

6. Lessee shall have compiled with all instructions and directions of Lessor in connection with Lessee's move-out.

### DEDUCTIONS FROM SECURITY DEPOSIT:

1. The Premises must be cleaned thoroughly. If Lessee is responsible for the yard, the lawn and grounds must be in a neat and trim condition. A reasonable charge will be deducted from the security deposit if the Premises are not clean or the yard is not neat.

2. Appropriate charge will be deducted for any unpaid sums due under the Lease Agreement, for damages or repairs to the Premises or the manufactured home (if applicable) for unpaid rent, for the unpaid utilities, and for any court costs or attorney's fees incurred in eviction proceedings against Lessee or Lessee's family, guests or invitees.

3. A fixed de-fleaing charge will be deducted from the security deposit of any Lessee who has kept a pet on the Premises at any time during the Lease term.

   **MOVE OUT PROCEDURE:**

1. In the event of more than one resident per unit or per lot space, each resident is jointly and severally liable for all sums due under the Lease Agreement and the security deposit agreement.

2. Lessor will issue only one check for the refund of the security deposit unless otherwise specified in writing, the security deposit check will be made out jointly to the persons signing below.

3. After all of the above conditions have been complied with and all lawful deductions have been made, the balance of the security deposit will be mailed to Lessee's forwarding address, with an itemized list of any deductions, within sixty (60) days after surrender of the Premises, or such earlier date as required by law.

4. If the total lawful charges, deductions, damages and other unpaid sums under the L ease Agreement exceed the total amount of the security deposit, Lessee 'shall pay such excess amount within 10 days after written demand is mailed to Lessee.

**SPECIAL PROVISIONS:**

_____    08/16/2024
Lessee                             Date

_____    _____
Lessee                             Date

_Maria Osornio_____    08/16/2024
Representative for Lessor          Date

EXECUTED on the date herein above written.

READ THIS AGREEMENT IN ITS ENTIRETY BEFORE SIGNING. PLEASE KNOW THAT CHAPTER 94 OF THE TEXAS PROPERTY CODE GOVERNS CERTAIN RIGHTS GRANTED TO THE LESSEE AND CONTAINS CERTAIN OBLIGATIONS IMPOSED ON LESSOR BY LAW.

| LESSEE: | LESSOR: |
|---|---|
| *(Signature)* | **ALVIN VISTA VERDE, LLC,** a Delaware limited liability company |
| Danny Perkins *(Printed Name)* | By: **M. Shapiro Management Company, LLC**, its Authorized Managing Agent |
| *(Signature)* | By: Maria Osornio |
| *(Printed Name)* | Name: Maria Osornio |