IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| In re:<br><br>DANNEY LAMAR PERKINS<br>　　　　Debtor. | §<br>§<br>§ Case No. 24-80062-ARP<br>§<br>§ Chapter 7<br>§ |

**ALVIN VISTA VERDE, LLC'S RESPONSE TO DEBTOR'S MOTION TO
INVESTIGATE INTO PERJURY COMMITTED**
**(Relates to Docket No. 51)**

TO THE HONORABLE ALFREDO R. PEREZ, U.S. BANKRUPTCY JUDGE:

Alvin Vista Verde, LLC ("Landlord") files this Response (this "Response") to the Debtor's Motion for Department of Justice to Investigate into Perjury Committed [Docket No. 51] (the "Motion"), and would state as follows:

**PRELIMINARY STATEMENT**

1. The Motion is in the form of a letter from the Debtor to the U.S. Department of Justice seeking an investigation into—among other things—alleged perjurious statements made by representatives of the Landlord at the Debtor's Eviction Hearing (as defined herein). Landlord denies all the material allegations in the Motion. The Landlord's representatives did not commit perjury or engage in any other criminal activity at the Eviction Hearing. The Motion provides conclusory statements only and provides no evidence supporting the factual allegations forming the basis of the Motion—to be clear, the Landlord believes that no such evidence exists. Additionally, the Motion requests relief that this Court does not have the jurisdiction to grant. For these reasons and the reasons stated herein, the Motion must be denied.

## BACKGROUND

2. On March 7, 2024 ("Petition Date") the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.[1]

3. On June 4, 2024 ("Discharge Date"), the Debtor was granted a discharge,[2] and a Final Decree was entered, closing the Chapter 7 case.

4. On August 16, 2024, the Debtor and Landlord entered into a Manufactured Home Spaces Leases Agreement (the "Lot Lease"). The Lot Lease permitted the Debtor to use the real property upon which a manufactured home was placed; the Lot Lease was not a lease of the manufactured home itself. The Lot Lease contains a primary term that ended on January 31 and continued on a month-to-month basis thereafter.

5. On January 8, 2025, the Debtor filed his Motion to Reopen Chapter 7 Case ("Motion to Reopen"[3]). The basis for reopening the Chapter 7 case as stated in the Motion to Reopen was the alleged violation of the Discharge Order by creditors Associated Credit Union of Texas and Shell Credit Union. The Debtor did not mention the Landlord or the Lot Lease.

6. The Debtor did not comply with his obligations under the Lot Lease and did not pay rent when required for the months of December 2024 and January 2025.

7. Accordingly, because of the Debtor's defaults under the Lot Lease, on January 13, 2025, the Landlord filed its petition for eviction (the "Petition") due to non-payment under the terms of the Lot Lease (the "Eviction Action"). In its Petition, the Landlord set forth that the Landlord and Debtor were in fact parties to a rental agreement.[4]

---

[1] *See* Docket No. 1.
[2] *See* Docket No. 19 (the "Discharge Order").
[3] *See* Docket No. 23.
[4] *See* Petition, ¶ 1 ("*by virtue of rental agreement* by and between [Landlord] and [Debtor]…")(emphasis added).

8. On January 27, 2025, this Court entered an order reopening the Debtor's case (the "Reopening Order").[5] The Reopening Order stated: "Upon payment of the $260 fee required to reopen this case, the referenced Chapter 7 Case will be reopened."[6] According to the case docket, this fee was paid the following day.

9. On January 29, 2025, Justice of the Peace, Robin Rape, conducted a hearing in the Eviction Action (the "Eviction Hearing"). A representative of the Landlord, Ms. Maria Osornio, attended the Eviction Hearing and provided testimony in support of the Eviction Action. Ms. Osornio recalls that she testified that the Debtor was delinquent in rental payments. Ms. Osornio did not testify that the Debtor had no lease agreement as alleged in the Motion.

10. On June 9, 2025, the Debtor filed the Motion alleging that Ms. Osornio provided false testimony at the Eviction Hearing. Specifically, the Motion alleges that Ms. Osornio falsely testified that the Debtor "had no valid lease agreement."[7] The Landlord denies these allegations. Additionally, the Motion alleges that Ms. Osornio falsely testified that the Debtor and the Landlord were "operating under a month-to-month arrangement."[8] The Landlord asserts that at the time of the Eviction Hearing, the Debtor and the Landlord were operating under the primary term of the Lot Lease that converted to month-to-month on pursuant to paragraph 1 of the Lot Lease. The Motion requests that the United States Department of Justice investigate the alleged false testimony and initiate criminal proceedings against the representatives of the Landlord as well as against counsel for the Landlord for "perjury, false statements in bankruptcy proceedings, conspiracy, and obstruction of justice."[9] The Landlord denies all these allegations.

---

[5] *See* Docket No. 27.
[6] Id.
[7] Motion, Docket No. 51, at pg. 2
[8] .Id.
[9] Id.

45460583v.5

**RESPONSE**

**I.     The Material Allegations Made by the Debtor in the Motion are Not True**

11.     The Landlord denies all of the material allegations set forth in the Motion under the heading "Complaint Summary." Specifically, Landlord denies that any representatives of the Landlord or counsel to the Landlord have given any perjurious testimony either at the Eviction Hearing or in connection with this bankruptcy case.

12.     The Landlord denies the allegations that any representatives of the Landlord or counsel to the Landlord committed any of the charges listed in the Motion under the heading "Alleged Violations." Specifically, Landlord denies that any representatives of the Landlord or counsel to the Landlord have committed perjury in a federal court proceeding, provided false statements in this bankruptcy proceeding, obstructed justice, or are parties to a conspiracy to obstruct justice.

13.     The Landlord denies all of the material allegations set forth in the Motion under the heading "Factual Basis." Specifically, the Landlord denies: (a) that any perjurious statements were made by Ms. Osornio at the Eviction Hearing and that the relevant statements were made with knowledge of their falsity; and (b) that Ms. Osornio testified at the Eviction Hearing that the Debtor "had no valid lease agreement."

14.     Additionally, the Landlord denies that any perjury occurred during the Eviction Hearing and also denies that the Eviction Hearing was "conducted in direct violation of the automatic stay provisions." As set forth in its *Response to Danney Lamar Perkins' Motion for Sanctions* [Docket No. 48], no automatic stay was in place for the Landlord to violate.

15.     The Landlord also denies that counsel to Landlord, Jackson Walker LLP, "participated in legal proceedings related to this case with knowledge of the perjurious testimony…yet failed to take corrective action." Again, the Landlord denies the Debtor's

4

allegations. Jackson Walker LLP has no knowledge of any perjurious statements made or any other criminal activity committed by anyone associated with the Landlord in connection with the Eviction Action or this bankruptcy case. The Landlord further denies that the Debtor's production of his lease agreement "conclusively demonstrate[ed] the perjurious nature of [Ms. Osornio's] statements." To the contrary, in its petition in the Eviction Action, the Landlord plainly stated that the Debtor and the Landlord were parties to a Lease.[10].

16.     Finally, the Landlord denies all of the material allegations made in the Motion under the heading "Additional Violations." Specifically, Landlord denies that representatives for the Landlord and counsel for the Landlord "willfully violated the automatic stay" or "demonstrat[ed] a pattern of contempt for federal court authority and obstruction of the bankruptcy process." As explained in the Landlord's Response to the Sanctions Motion, no automatic stay was in place at the subject times.

**II.     The Motion Does Not Provide Any Evidence Supporting the Allegations Made and No Such Evidence Exists**

17.     Despite conclusively stating that a representative of the Landlord at the Eviction Hearing made certain allegedly perjurious statements, the Debtor presents no evidence supporting this extraordinary and very serious claim.

18.     The Motion provides a list of "Supporting Documentation," but fails to attach any of the listed documents. Included in the Debtor's list of Supporting Documents is a transcript of the Eviction Hearing. Debtor has not provided such copy to the undersigned counsel. In addition, Counsel for the Landlord contacted the Justice of the Peace to obtain a copy of such transcript or of a recording of the hearing. Counsel for the Landlord was informed that the Justice of the Peace

---

[10] *See* Petition, ¶ 1 ("*by virtue of rental agreement* by and between [Landlord] and [Debtor]…")(emphasis added).

does not record hearings and does not make transcripts of proceedings. Thus, upon information and belief, the transcript referenced by the Debtor does not exist.

19. Because the Debtor fails to present any evidence supporting his claims and no such evidence exists, the Motion must be denied.

### III. The Motion Requests Relief from the DOJ, Not the Court

20. The Motion takes the form of a letter to the United States Department of Justice and requests that it investigate both the Landlord and its counsel for alleged "perjury, false statements in bankruptcy proceedings, conspiracy, and obstruction of justice."

21. Although the Motion was filed in this Court, the Motion apparently requests relief from the United States Department of Justice. Therefore, the Motion fails to request relief that this Court can grant and it should be denied.

The Landlord hereby requests the Court deny the relief requested in the Motion and grant the Landlord such other and further relief as is just.

Dated: June 12, 2025

Respectfully submitted,

/s/ *Bruce J. Ruzinsky*
Bruce J. Ruzinsky
State Bar No. 17469425

**JACKSON WALKER LLP**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752 - 4204 (Telephone)

Email: bruzinsky@jw.com

Michael Roberts
State Bar No. 24082153
100 Congress, Suite 1100
Austin, Texas 78701
(512) 236-2251 – Direct Dial
Email: mroberts@jw.com

Beau H. Butler
State Bar No. 24132535
(512) 236-2256 – Direct Dial
Email:  bbutler@jw.com

**COUNSEL FOR ALVIN VISTA VERDE, LLC**

7

45460583v.5

**CERTIFICATE OF SERVICE**

I certify that on June 12, 2025, I caused a copy of the foregoing document to be served via email to the Debtor.

Danney Lamar Perkins
Icekid01.dp@gmail.com

/s/ *Bruce J. Ruzinsky*
Bruce J. Ruzinsky

8

45460583v.5